**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **MOUSSA DIARRA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO. 5:21-cv-288-MTT-CHW** |
| **VS.** | : | |
| | : | |
| **Former President DONALD Trump,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER OF DISMISSAL

Plaintiff Moussa Diarra, a pretrial detainee in the Dekalb County Jail in Decatur, Georgia, has filed a pro se civil rights complaint under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). ECF No. 1. He also moves to proceed *in forma pauperis*. ECF No. 2. Plaintiff's motion to proceed without prepayment of the filing fee is **GRANTED** and this action is **DISMISSED**.

## I. REQUEST TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner or detainee is allowed to proceed *in forma pauperis*, he

1

must nevertheless pay the full amount of the $350.00 filing fee.   28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.   If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.   Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.   28 U.S.C. § 1915(b)(4).   In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.   The agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).   The Clerk of Court is **DIRECTED** to send a copy of this Order to the Dekalb County Jail.

The warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act

("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA.   Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."   Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."   Screening is also required under 28 U.S.C. § 1915(e) when the

3

plaintiff is proceeding IFP.   Both statutes apply in this case, and the standard of review is the same.

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted).   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true.   *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).   The Court may, however, "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."   *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).   Finally, *"[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."   *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

4

In order to state a claim for relief under *Bivens*, a plaintiff must allege that: (1) an act or omission of a federal agent deprived him of a right, privilege, or immunity secured by the Constitution or federal statute; and (2) the federal agent is sued in his or her individual capacity.   *Bivens*, 403 U.S. at 390-97.   If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.   *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation); 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review); 28 U.S.C. § 1915(e)(2) (dictating that a complaint that does not pass the standard in § 1915(e)(2)(B) "shall" be dismissed on preliminary review).

### III. FACTUAL ALLEGATIONS

In this *Bivens* action, Plaintiff alleges a "high level" conspiracy involving former President Donald Trump, former Georgia Governor Nathan Deal, and others to target Plaintiff and give him some unidentified disease or sickness.[1]   ECF No. 1 at 4.   Plaintiff seems to indicate that an unnamed female "made suggestive comments . . . that le[]d him" to check into a hotel.   *Id*. at 2.   The hotel "room location" and "scenery" prompted

---

[1]  It is unclear if Plaintiff has been diagnosed with HIV or AIDS.   Plaintiff states he wants to bring a "wrongful death" action "based on the illness and treatment required or actions required of HIV/AIDS exposure."   ECF No. 1 at 7.

Plaintiff to believe that he "was being targeted by law enforcement and followed by state and federal agencys (sic) or government employees via means that involved mass communications and third parties." *Id*.

After he and the unnamed female "had a sexual encounter," she made "criticizing comments regarding [former] President Trump relating to DNA testing." *Id*. On that same evening, Plaintiff states that he learned of an "outcry or public rage" regarding former President Trump. *Id*.

Approximately one week later, Plaintiff "felt there was something wrong." *Id*. Plaintiff states that he visited the hospital and was told that he could not leave the hospital unless he took an "unknown medication." *Id*. at 3-4. He alleges he was "misdiagnosed" and could not receive medical care due to a "'high level' of fraud by the United States Government." *Id*. at 5.

Plaintiff states that since his incarceration, he has requested medical assistance and the appropriate food, but he has "intentionally" been given food that would complicate his digestive issues. *Id*. at 6. Plaintiff faults former President Trump and former Governor Nathan Deal for failing "to provide the appropriate relief towards Plaintiff in regards [to] the symptoms and circumstances [he] was experiencing that was (sic) brought to their attention or awareness." *Id*. at 7.

## IV.  ANALYSIS

Plaintiff is no stranger to the Court.[2]  Most of his complaints and petitions, including this one, consist of rambling, nearly incomprehensible allegations.   The liberal construction that applies to pro se pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint must be dismissed as frivolous.   *Neitzke*, 490 U.S. at 327. Examples of "clearly baseless" factual allegations are those "describing fantastic or delusional scenarios."   *Id*. at 328; *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 325-28) (stating that a court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, fanciful, fantastic, or delusional).

Petitioner's factual allegations "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 33.   For example, his assertion that a former president, a former governor, and various law enforcement agencies have conspired against him is unrealistic and deranged.   In short, Plaintiff's complaint is factually frivolous and must be dismissed.

---

[2]  In addition to this action, Plaintiff filed the following actions in this Court during in July 2021: *See Diarra v. West Cent. Ga. Reg'l Hosp*., 4:21-cv-112-CDL-MSH (filed July 2, 2021); *Diarra v. Dekalb Cty. Jail*, 4:21-cv-113-CDL-MSH (filed July 2, 2021); *Diarra v. Kemp*, 4:21-cv-114-CDL-MSH (filed July 2, 2021); *Diarra v. ROC National LLC*, 4:21-cv-115-CDL-MSH (filed July 2, 2021); *Diarra v. Dep't of Health and Human Serv*., 4:21-cv-116-CDL-MSH (filed July 2, 2021); *Diarra v. Connolly*, 5:21-cv-247-MTT-CHW (filed July 21, 2021); *Diarra v. Brown*, 5:21-cv-249-TES-CHW (filed July 21, 2021); *Diarra v. Al Furquann Found*., 5:21-cv-250-MTT-MSH (filed July 21, 2021); *Diarra v. Broadus*, 5:21-cv-251-MTT-CHW (filed July 21, 2021); *Diarra v. Soc. Sec'y Admin*., 5:21-cv-252-TES-CHW (filed July 21, 2021); *Diarra v. ACCC Ins. Co.*, 5:21-cv-248-TES-CHW (filed July 21, 2021).

To the extent that Plaintiff is complaining he is not receiving the appropriate medical attention in the Dekalb County Jail, he has filed the wrong type of action in the wrong court. If Plaintiff wishes to complain about medical care, or lack thereof, in the Dekalb County Jail, Plaintiff needs to file an action under 42 U.S.C. § 1983. Plaintiff must name as defendants the person or persons who have denied him medical care. Finally, the Dekalb County Jail is located in the Northern District of Georgia, not the Middle District. Thus, the 42 U.S.C. § 1983 action must be filed in the United States District Court for the Northern District of Georgia, not the United States District Court for the Middle District of Georgia.[3] The Court is dismissing this complaint without prejudice so Plaintiff can litigate any deliberate indifference to medical care claims that he has in an appropriate civil rights action filed in the appropriate court.

Accordingly, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(A)(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).[4]

---

[3] The Court has determined that it would not be in the "interest of justice" to transfer this action to the Northern District of Georgia for three reasons. 28 U.S.C. § 1406(a). First, the factual allegations are fanciful and ridiculous. Second, claims against the "Dekalb County Sheriff" and the "Jail Medical Provider," the only two potential Defendants linked to the Dekalb County Jail, need to be raised in a 42 U.S.C. § 1983 action, not a *Bivens* action. Third, on the same day Plaintiff filed this action, he filed another action in which he complained, *inter alia*, about an alleged lack of medical care during his incarceration in the Dekalb County Jail. *Diarra v. Dekalb County Police Chief*, 5:21-cv-290-MTT-MSH (M.D. Ga. filed Aug. 11, 2021). The Court has transferred that complaint to the United States District Court for the Northern District of Georgia. Plaintiff can litigate his deliberate indifference to medical care claims in that action should he so choose.

[4] Plaintiff's motion for appointment of counsel, ECF No. 3, is **DENIED** as moot.

**SO ORDERED** this 23rd day of August, 2021.


<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT